# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BETHANY HOLTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:22-cv-00559** |
| | ) | |
| **CURTIS PEERBOLTE and PEER** | ) | **JUDGE CAMPBELL** |
| **DESIGN, LLC,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion to dismiss (Doc. No. 14), brought under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (Doc. Nos. 17, 23). For the reasons discussed below, Defendants' motion is **DENIED**.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In the present case, Plaintiff Bethany Holton ("Holton") brings claims against Defendants Curtis Peerbolte ("Peerbolte") and Peer Design, LLC (the "LLC") for procurement of breach of contract (Count 1),[1] intentional interference with business relationships (Count 2),[2] and intentional interference with employment relations (Count 3).[3] (Doc. No. 11). Through their pending motion, Defendants argue Holton fails to state a claim for relief against the LLC because the Amended Complaint does not allege wrongdoing by the LLC. (Doc. No. 14 ¶ 9). Defendants also argue Holton fails to state a claim for procurement of breach of contract (Count 1) and intentional interference with employment relations (Count 3) because, respectively, they did not procure an "actual" breach of the contract at issue and because Holton was an independent contractor rather than an employee. (*Id*. ¶¶ 6, 8). Additionally, Defendants seek to dismiss Holton's claim for intentional interference with business relationships (Count 2) because Holton alleges the existence of a contract. (*Id*. ¶ 7).

Defendants ask the Court to construe the factual allegations in a manner that favors their argument, not in favor of Holton as required under the standard of review. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court declines to do so. Here, Holton has alleged facts to

---

[1]     The elements of the statutory cause of action for interference with contract rights are: (1) a legal contract existed; (2) the defendants knew the contract existed; (3) the defendants intended to induce a breach of that contract; (4) the defendants acted with malice; (5) the contract was breached; (6) the defendants' actions were the proximate cause of the breach; and (7) the plaintiff suffered damages. *See Robinson v. City of Clarksville*, No. M201902053COAR3CV, 2023 WL 1230159, at *10 (Tenn. Ct. App. Jan. 31, 2023), appeal denied (May 10, 2023).

[2]     The elements of the tort of intentional interference with business relationships under Tennessee law are: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from tortious interference. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002).

[3]     "The essential elements of a claim for intentional interference with employment are 'that the defendant intentionally and without justification procured the discharge of the employee in question.'" *Thompson v. Memphis Light, Gas & Water*, 416 S.W.3d 402, 413 (Tenn. Ct. App. 2011) (quoting *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977)).

support claims against Defendants, including the LLC because Peerbolte is an agent of the LLC and used the LLC's social media account to engage in the alleged wrongful conduct. Defendants also ask the Court to construe the contract terms against Holton, which the Court cannot do at this stage under *Iqbal* and *Twombly*. Finally, the fact that Holton pleaded an alternative claim (Count 2) is not a basis for dismissal because plaintiffs may plead in the alternative, Fed. R. Civ. P. 8(d)(2), regardless of consistency, Fed. R. Civ. P. 8(d)(3). *See also Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961, 974-75 (S.D. Ohio 2022) (Federal Rules of Civil Procedure allow for alternative pleading).

In sum, Holton pleaded facts, accepted as true, that state claims upon which relief can be granted against both Defendants. Accordingly, for the foregoing reasons, Defendants' motion to dismiss (Doc. No. 14) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

3