# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BETHANY HOLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:22-cv-00559 |
| ) | |
| CURTIS PEERBOLTE and PEER ) | JUDGE CAMPBELL |
| DESIGN, LLC, ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendants Curtis Peerbolte ("Peerbolte") and Peer Design, LLC (the "LLC"), (Doc. No. 52), which is fully briefed. (Doc. Nos. 55, 58). For the reasons discussed below, Defendants' motion is **DENIED**.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's*

*Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## II. ANALYSIS

In the present case, Plaintiff Bethany Holton brings three claims against both Defendants: tortious interference with contract (Count 1),[1] intentional interference with business relationships (Count 2),[2] and intentional interference with employment relations (Count 3).[3]

Through their pending motion, Defendants first argue summary judgment is appropriate on each of Holton's claims because Holton cannot prove the common essential elements of knowledge or intent. (*See* Doc. No. 52-1 at 7-8 (citing 55-1 ¶¶ 29, 65, 117-119, 123-126)).

---

[1] The elements of the statutory cause of action for interference with contract rights are: (1) a legal contract existed; (2) the defendants knew the contract existed; (3) the defendants intended to induce a breach of that contract; (4) the defendants acted with malice; (5) the contract was breached; (6) the defendants' actions were the proximate cause of the breach; and (7) the plaintiff suffered damages. *See Robinson v. City of Clarksville*, No. M201902053COAR3CV, 2023 WL 1230159, at *10 (Tenn. Ct. App. Jan. 31, 2023), appeal denied (May 10, 2023).

[2] The elements of the tort of intentional interference with business relationships under Tennessee law are: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from tortious interference. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002).

[3] "The essential elements of a claim for intentional interference with employment are 'that the defendant intentionally and without justification procured the discharge of the employee in question.'" *Thompson v. Memphis Light, Gas & Water*, 416 S.W.3d 402, 413 (Tenn. Ct. App. 2011) (quoting *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977)).

Alternatively, Defendants submit that summary judgment is appropriate on Holton's claim for procurement of breach of contract (Count 1) because no "actual" breach occurred. (*Id.* at 8-15). Next, Defendants argue Holton cannot establish each of the requisite elements for her intentional interference with business relations claim because she had a written contract (Count 2). (*Id.* at 15-20). Defendants argue summary judgment is appropriate on Holton's claim for intentional interference with employment (Count 3) because she was an independent contractor. (*Id.* at 20-22). Finally, the LLC argues summary judgment is appropriate on each of Holton's claims because respondeat superior does not apply. (*Id.* at 22-23).

The Court has extensively reviewed the parties' filings and finds that there is competing evidence in the record regarding the following material questions of fact: (1) Peerbolte's knowledge of the contract and/or business relationship at issue; (2) Peerbolte's' intent; (3) whether there was a breach of the underlying contract at issue;[4] (4) whether the contract at issue would be renewed; and (5) whether the social media posts were done on the LLC's business or in the course of Peerbolte's employment for the LLC. As such, Defendants have failed to meet their burden as the nonmoving party of demonstrating the absence of any genuine dispute of material fact for each of Holton's claims against them.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] While the interpretation of a contract is a question of law, the determination of whether a party has fulfilled its obligations under a contract or is in breach of the contract is a question of fact under Tennessee law. *See Leedy v. Hickory Ridge, LLC*, 663 S.W.3d 537, 548 (Tenn. Ct. App. 2022); *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 220, 225 (Tenn. Ct. App. 2009); *Carter v. Krueger*, 916 S.W.2d 932, 934-35 (Tenn. Ct. App. 1995); *see also* T.P.I. 13.10.